Tukley, J.
delivered the opinion of the court.
William Simpson died in White county; Anthony Dibrell was appointed his administrator, and filed a bill in the Chancery Court at Sparta, suggesting the insolvency of the estate, enjoining the creditors from obtaining judgment against him, and asking a pro rata distribution of the effects among all the *276 creditors. James Simpson, one of the creditors, who made himself a party to the proceeding, filed a bill in the nature of a cross bill against the administrator, Elizabeth Simpson, widow of William Simpson, and Washington Weaver, alledging that William Simpson, in his life time, being greatly embarrassed, conveyed to Washington Weaver two negroes, without consideration and in fraud of his creditors, and that these negroes have since been bought by the defendant, Elizabeth Simpson, from him, and asks that they be subject as assets to the payment of William Simpson’s creditors.
The bill also charges, that William Simpson had on hand, at the time of his death, a considerable amount of money, which came into the possession of Weaver, or Elizabeth Simpson, and asks an account therefor. It also charges, that Elizabeth Simpson got into her possession surreptitiously, and also by the concurrence of the administrator, a large amount of the personal effects of said estate without consideration, and asks that she may be charged therewith.
The defendant, Elizabeth Simpson answers, that as to the negroes, she bought them from Weaver, and paid him a fair and valuable consideration therefor, and this she satisfactorily proves; and there is no allegation, or proof, that she was a party to, or had any knowledge of the fraudulent transaction in the sale from Wm. Simpson to Weaver, if it existed; as to the other matters charged against her, her answer is evasive and unsatisfactory, and the proof shows that she did get into her possession property of the estate, which she was not entitled to.
The Chancellor give a decree against her and Weaver for the negroes, and their hire, and also a decree against Eliza Simpson for three hundred dollars — also against her for the sum of three hundred dollars, the value of the goods abstracted by her from the estate of her husband, as reported by the Clerk and Master, and for some small amounts not necessary to be specified, against Weaver.
The 1st objection to this decree, is that the complainant, James Simpson could not, as a creditor, file this bill against *277 the administrator, and the defendants, Elizabeth Simpson and Washington Weaver jointly.
We consider it a well settled principle of law, that a creditor of an estate may, after having obtained his judgment at law, file a bill against the representative of the estate, and any debtor thereto, or any person who may have assets belonging to said estate in his hands, which the representative either negligently or fraudulently fails to collect for the payment of the debts of 'the estate, and have an account therefor. And, we think, it clearly follows, as a corollary, that when by law, the debtor is forbidden to obtain his judgment at law, and is compelled to become a party to a bill suggesting the insolvency of an estate, and asking distribution pro rata, he is entitled to the same privilege.
We, therefore, think the bill was legally filed.
2d. Objection is to the substance of the decree.
We think the decree is erroneous, so far as it charges the defendants Elizabeth Simpson and Washington Weaver with the negroes and their hire. When a conveyance is declared fraudulent as against creditors, the law does not give the creditor a right to have an account taken of the property, and for its use, but only authorizes him to proceed against the property in the hands of the fraudulent vendee; and, therefore, if it have been destroyed by time or accident, or is sold and delivered to an innocent person for a valuable consideration, the creditor’s remedy is gone. Such, as we have seen, is the case here. Mrs. Simpson is a purchaser of the negroes for a valuable consideration, and there is nothing connecting her with the fraud between Simpson, her husband, and Weaver, if it existed.
Then there should have been no decree against the defendants for the negroes, or their hire. As to the other matters decreed, we see no reason for changing them, and the decree will remain as it is, as to them.
The decree of the Chancellor is, therefore, reversed, so far as it relates to the uegroes, and affirmed as to the rest.